IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIA JIN-WOLFSON, | : |
| Plaintiff, | : |
| v. | : Civil No. 5:23-cv-04005-JMG |
| LAFAYETTE COLLEGE, | : |
| Defendants. | : |

## JOINT RULE 26(f) REPORT

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on January 10, 2024 and submit the following report of their meeting for the court's consideration:

**I. Counsel**

    A. Lead counsel for Plaintiff(s):

Gary F. Lynch
Nicholas Colella
**Lynch Carpenter, LLP**
1133 Penn Avenue, Floor 5
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
gary@lcllp.com
nickc@lcllp.com

    B. Lead counsel for Defendant(s):

Marcel S. Pratt
John W. Scott
**Ballard Spahr, LLP**
1735 Market Street, Fl 51
Philadelphia, PA 19147-7599
Tel: 215.864.8506
Fax: 215.864.8999
prattm@ballardspahr.com
scottj@ballardspahr.com

    C.  Counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):

        Nicholas A. Colella
        Connor P. Hayes

    D.  Counsel who participated in Rule 26(f) conference on behalf of Defendant(s):

        Marcel S. Pratt
        John W. Scott

**II.**    **Description of Claims and Defenses**

**Plaintiff's Statement**: During the Spring 2020 semester, Plaintiff was enrolled at Lafayette College. Plaintiff brings this case on behalf of a putative class of students who attended Lafayette for in-person education during the Spring 2020 semester. Plaintiff is seeking *pro rata* refunds for tuition and certain fees charged by Defendant as a result of Defendant's closure of its campus and facilities and transition to online instruction. Plaintiff brings claims for breach of implied contract and unjust enrichment. Plaintiff alleges that Defendant promised access to campus and campus facilities, numerous services, benefits, and an in-person, on-campus education in return for payment of tuition and certain fees. Defendant charged, and Plaintiff provided, tuition and fees for the Spring 2020 semester explicitly for the rights to these benefits as provided through the conglomeration of sources. Defendant failed to provide what it promised, rendering it in breach of contract, entitling Plaintiff to a prorated refund of what it bestowed upon Defendant. In the alternative, by failing to provide what was paid for, and by retaining the funds received, Defendant has been unjustly enriched.

**Defendant's Statement**: This putative class action arises out of Defendant Lafayette's government-mandated suspension of in-person instruction and closure of campus in March 2020 in response to the novel COVID-19 pandemic. Plaintiff argues that she is entitled to a pro-rated

2

refund for tuition and certain fees and costs that she paid for the Spring 2020 semester because Lafayette provided remote instruction rather than in-person instruction. Plaintiff, however, still continued to receive the education that she paid for and progressed toward her degree without interruption or delay. Lafayette denies that it has breached any contract—express or implied—with students for in-person instruction under all circumstances, and further denies that it has been unjustly enriched or that Plaintiff is entitled to a pro-rated refund for any tuition or fees or costs under any legal or equitable theory for the reasons more fully set forth in Lafayette's Answer to Plaintiff's Complaint.

### III. Stipulated Facts

**The Parties stipulate to the following facts**:

1. Plaintiff was an undergraduate student enrolled at Lafayette College during the Spring 2020 semester.

2. Lafayette College limited in person access to or closed a majority of the facilities on campus between March 16 and March 19, 2020 through the end of the semester.

3. On March 19, 2020, the Governor of the Commonwealth of Pennsylvania issued an order, which stated that "[n]o person or entity shall operate a place of business in the Commonwealth that is not a life sustaining business . . . ," effective "immediately" and remained in effect "until further notice."

4. Lafayette College did not hold in-person classes from March 23, 2020 through the end of the Spring 2020 semester. Instead, it provided online instruction with the same professors and instructors continuing to teach the same courses as before the transition to online instruction.

5. Plaintiff received full course credits for the classes she took in the Spring 2020 semester.

6. Lafayette College canceled all events on campus starting on March 16, 2020 through the end of the semester.

## IV. Jurisdiction

This Court has subject matter jurisdiction over this action because the allegations satisfy the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

## V. Insurance Coverage and Deductibles

The Defendant is not aware of any applicable insurance coverage.

## VI. Dispositive Motions

Defendant anticipates filing a motion for summary judgment, after the close of discovery.

## VII. Anticipated Scope of Discovery

A. Issues on which the parties currently anticipate they will need to conduct discovery:

Plaintiff contends that discovery includes, but it not limited to, the following areas:

- Plaintiff's claims;
- Defenses asserted by Defendant;
- Program suspension due to COVID-19;
- All aspects of Plaintiff's damages;
- Number of students enrolled in Defendant's programs during the Spring 2020 semester;
- Amount of tuition and fees paid by students enrolled during the Spring 2020 semester;
- Defendant's marketing plan and materials used in recruiting prospective students, including but not limited to: webpages, brochures, press releases, materials from college fairs and conventions, college information sessions, videos, online postings, blog posts, and social media posts;
- Defendant's student handbooks and course catalogs;
- Defendant's communications with state or local officials in 2020 relating to the COVID-19 pandemic, and internal communications reflecting the same;

- Information relating to Defendant's decision to move classes online and close campus to students, along with any related financial considerations;

- Information shared between Defendant and other faculty related to the decision to move classes online and close campus to students;

- Information and documents relating to the economic impact of Defendant's cost of operations of the decision to move classes online and close the campus to students;

- Information and documents relating to Defendant's decision not to offer partial tuition or fee refunds or reimbursements for the Spring 2020 semester; and

- Information relating to how Defendant set its pricing for prior and subsequent semesters.

Defendant contends that discovery includes, but it not limited to, the following areas:

- Plaintiff's claims

- Plaintiff's alleged damages

- The Defendant's affirmative defenses

- The requirements for class certification under Fed R. Civ. P. 23, including but not limited to the typicality and adequacy of the Plaintiff as class representative, and evidence if any relating to the commonality, numerosity, predominance and typicality of the Plaintiff's claims, in relation to the members of the putative class.

B. The parties do not anticipate exceeding the 25 interrogatories permitted under Rule 33.

C. The parties do not anticipate exceeding the 10 depositions permitted under Rule 26(b)(2).

D. As stated above, the parties do not believe it will be necessary to exceed the presumptive limits in the Federal Rules of Civil Procedure for discovery.

E. No third party discovery is currently contemplated.

F. The parties anticipate that expert testimony may be needed on economic issues relating to class certification and damages.

## VIII. Status of Discovery

The Parties have each begun the process of identifying and collecting potentially relevant information for purposes of discovery. To that end, as reflected below, the Parties anticipate exchanging their initial disclosures on or before February 1, 2024. Plaintiff further served her first set of Requests for Production on January 12, 2024. Defendant is preparing its responses and objections.

## IX. Proposed Case Management Deadlines

| Scheduled Event | Proposed Deadline | Date |
| --- | --- | --- |
| Parties exchange initial disclosures | 7 days before Rule 16 Conference | February 1, 2024 |
| Deadline to amend pleadings to add claims or parties | 120 days after Rule 16 Conference | June 7, 2024 |
| Close of fact discovery | 305[1] days after Rule 16 Conference | December 9, 2024 |
| Plaintiff's expert reports on all issues | 30 days after the Close of Fact Discovery | January 8, 2025 |
| Lafayette's expert reports on all issues | 90 days after the Close of Fact Discovery | March 7, 2025 |
| Deadline for depositions of experts | 120 days after the Close of Fact Discovery | April 8, 2025 |
| Summary Judgment Motions and Motions for Class Certification | 180 days after the Close of Fact Discovery | June 6, 2025 |
| Responses to Summary Judgment and Class Certification Motions | 240 days after the Close of Fact Discovery | August 6, 2025 |

---

[1] Plaintiff believes that more than 120 days for fact discovery is necessary, as the questions raised in this litigation are novel, will involve voluminous documents production, and, based on experience in analogous cases, will likely involve multiple discovery disputes. For the sake of avoiding the need to seek an extension, Plaintiff believes the proposed timeline is appropriate in this case.

| | | |
|---|---|---|
| Reply Briefs in Support of Summary Judgment and Class Certification | 270 days after the Close of Fact Discovery | September 5, 2025 |
| Class Certification Hearing | To Be Scheduled by the Court | |
| Summary Judgment Hearing | To Be Scheduled by the Court | |
| Pretrial Conference | To Be Scheduled by the Court | |
| Trial | To Be Scheduled by the Court, estimated length of 5-10 days | |

## X. Deposition Scheduling

The parties believe that it will be most efficient to take depositions after document production is complete or nearly complete. Therefore, the parties intend to confer to schedule depositions after substantial completion by both parties of document production responsive to the initial set of document requests that are propounded.

## XI. Electronic Discovery

The parties have discussed the preservation and discovery of electronically stored information ("ESI"). Counsel are working towards finalizing the ESI Protocol and will file imminently.

## XII. Protective Orders and Confidentiality Agreements

The parties have discussed the need for a Protective Order to govern discovery in this matter. The parties anticipate the need to protect sensitive financial information and information about students, which the producing party will regard as proprietary or otherwise confidential. The parties will negotiate a Protective Order meeting all of the requirements of *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 671-72 (3d Cir. 2019) and *Pansy v. Borough*

*of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994). The Parties anticipate filing their joint protective order by February 29, 2024.

Also, as this case may involve discovery relating to student information, the parties discussed the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and how its provisions may impact discovery in this case.

XIII. **Alternative Dispute Resolution**

    A. The Parties have discussed the possibility of settlement and Defendant's position is that, at the present time, it is not prepared to pursue settlement.

    B. Consistent with Local Rule of Civil Procedure 53.3, the Parties have discussed alternative dispute resolution. At the present time, Defendant's position is that it does not wish to pursue alternative dispute resolution.

    C. Nicholas Colella, on behalf of Plaintiff, will attend the Rule 16 Conference with the authority to discuss settlement. Marcel Pratt and John Scott, on behalf of Defendant, will attend the Rule 16 Conference with the authority to discuss settlement.

XIV. **Consent to Send Case to a Magistrate Judge**

At this time, the parties do not consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c).

XV. **Policies and Procedures**

Judge Gallagher's Policies and Procedures are available for the Parties to review on the Court's website. By signing below, counsel for each Party and/or each *pro se* Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein. The Parties and their counsel further acknowledge by signing below that Judge

Gallagher will strike pleadings and other submissions that do not comply with his Policies and Procedures.

XVI.    **Other Matters**

      None at this time.

**ACKNOWLEDGMENT OF RULE 26(F) MEETING AND THE ABOVE SUBMISSION TO THE COURT:**

*/s/ Nicholas A. Colella*
Gary F. Lynch
Nicholas A. Colella
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
T: (412) 322-9243
F: (412)231-0246
gary@lcllp.com
nickc@lcllp.com

Date: January 29, 2024

*/s/ John W. Scott*
Marcel S. Pratt
John W. Scott
**Ballard Spahr, LLP**
1735 Market Street, Fl 51
Philadelphia, PA 19147-7599
Tel: 215.864.8506
Fax: 215.864.8999
prattm@ballardspahr.com
scottj@ballardspahr.com

Date: January 29, 2024