IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIA JIN-WOLFSON, on behalf of herself and all others similarly situated,  :  <br> : <br>Plaintiff,  : <br> : <br>v.  : <br> : <br>LAFAYETTE COLLEGE,  : <br> : <br>Defendant.  : <br> : | CIVIL NO. 5:23-CV-04005-JMG <br><br> Class Action |

**DEFENDANT LAFAYETTE COLLEGE'S FIRST NOTICE
OF SUPPLEMENTAL AUTHORITY REGARDING OPPOSITION TO
MOTION FOR LEAVE TO CERTIFY THE CLASS, TO APPOINT
CLASS REPRESENTATIVE, AND TO APPOINT CLASS COUNSEL**

Defendant Lafayette College respectfully submits for the Court's consideration this First Notice of Supplemental Authority concerning United States Magistrate Judge Sarah L. Cave's Report and Recommendation denying plaintiff's motion for class certification in *Hall-Landers v. New York University*, No. 20-cv-03250, 2024 U.S. Dist. LEXIS 221502 (S.D.N.Y. Dec. 6, 2024), attached hereto as Exhibit A.

Judge Cave found that plaintiff's motion for class certification failed to satisfy both the predominance and superiority requirements of Federal Rule of Civil Procedure 23(b)(3). *Id*. at *2. With respect to the breach of implied contract claim, Judge Cave reasoned as follows:

> [I]f such an implied contract existed, each student's contract is subject to individualized review because it would involve either examining contract language (*i.e.*, the specific marketing materials on which a student relied) or examining extrinsic evidence to assess ambiguous terms.

*   *   *

In the absence of a form contract, as here, the Court would be

> required to assess the materials relevant to each implied contract for each putative class member because the services each received depended on the NYU program they attended, whether NYU made a specific and enforceable promise to provide in person instruction for that program (even each class), and the tuition they paid for it. . . . Such an individualized inquiry overcomes any common issues concerning the existence and terms of the implied contractual obligations NYU might have owed to all members of the Proposed Class. . . .
>
> Because the formation and terms of any implied contracts here are subject to individualized inquiry, so too are the questions of breach, injury, and causation. . . . [T]he Court would need to consider each putative class member's circumstances to determine whether they suffered an injury that NYU caused by its purported breach. For example, the coursework and curricular requirements are quite different between an economics major who routinely attends lectures, writes term papers, and takes a final exam, on the one hand, and a visual arts major who designs and creates studio-based, in-person projects in various media.

*Id*. at *47–49.

Judge Cave also found that individualized issues predominated with respect to damages:

> [E]ach putative class member paid tuition—and was or was not injured—in an amount based on their unique circumstances, so determining damages necessarily involves individualized review of the harm to each student under the terms of the alleged implied contract. *See Omori v. Brandeis Univ*., 673 F. Supp. 3d 21, 26–29 (D. Mass. 2023) (denying certification of a tuition-seeking class and concluding individual issues predominated because "the value of the post-COVID education provided by [the university] in Spring, 2020 would require individualized proof complicated by 'the presence of thousands of plaintiffs'").

*Id*. at *50–51.

In addition, Judge Cave held that the predominance requirement was not satisfied with respect to the unjust enrichment claim either, stating as follows:

> [D]eciding whether equity and good conscience militate against allowing NYU to keep the full tuition each putative class member paid requires individualized inquiries into precisely the issues NYU has identified—for example . . . whether NYU failed to meet the quality and value of education each student expected of it.

> [T]he market value of a semester toward earning a biology degree is not inherently the same as the market value of a semester toward earning a philosophy degree, and a course of study that includes only lectures and final exams (one amenable to several modes of instruction) differs from one that necessitates laboratory or other in-person activities. Individual issues predominate not because there are thousands of undergraduate students but because **the alleged benefit NYU improperly retained varies across the Proposed Class—by school, by program, and by expectations**. *See Omori*, 673 F. Supp. 3d at 26–29; *see also Hannibal-Fischer v. Grand Canyon Univ.*, No. 20 Civ. 1007 (PHX) (SMB), 2023 U.S. Dist. LEXIS 162749, 2023 WL 5951888, at *6–8 (D. Ariz. Sept. 13, 2023) (denying certification of tuition refund class and concluding individual issues predominated on unjust enrichment and money had and received claims, reasoning that each "plaintiff's expectations and the circumstances" must be considered because "[p]laintiffs may have had different understandings of what they were paying for by choosing in person status[,]" and because students paid "differing amounts of tuition[,]" "precise damages will need to be calculated individually [with] an analysis of each individual plaintiff's circumstance[s]").

*Id*. at *55–56 (emphasis added).

Judge Cave also distinguished the decision in *Ninivaggi v. Univ. of Del*., 2023 U.S. Dist. LEXIS 56194 (D. Del. March 31, 2023), which was relied upon by Hall-Landers and similarly relied upon by Plaintiff Jin-Wolfson in her brief. Noting early on that the "[*Ninivaggi*] court made its decision based on the unique record before it," *id*. at *34–35, Judge Cave took issue with the holding in *Ninivaggi* that net enrichment could be measured class-wide:

> [H]ow do we ascertain whether NYU impermissibly retained a benefit? That answer turns on whether each students received the quality and value of education they signed up for, **and that necessarily involves delving into each putative class member's own circumstances**—not necessarily the grades they received or the extra-curricular programming and services they utilized, but the net enrichment of the degree-program they signed up for together with their expectations of it.

*Id*. at *55 (emphasis added).

3

|  |  |
|---|---|
| Dated: December 12, 2024 | Respectfully submitted,<br><br>*/s/ Marcel S. Pratt*<br>Marcel S. Pratt<br>Burt M. Rublin<br>Brian N. Kearney<br>Haesun K. Burris-Lee<br>**BALLARD SPAHR LLP**<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103-7599<br>(215) 665-8500<br>prattm@ballardspahr.com<br>rublin@ballardspahr.com<br>kearneyb@ballardspahr.com<br>burrisleeh@ballardspahr.com<br><br>*Attorneys for Defendant Lafayette College* |

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2024, the foregoing First Notice of Supplemental Authority and exhibit cited therein were electronically filed with the Court. All counsel of record will receive notice via the Court's CM/ECF system.

                                                */s/ Marcel S. Pratt*
                                                Marcel S. Pratt