IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIA JIN-WOLFSON,<br><br>Plaintiff.<br><br>v.<br><br>LAFAYETTE COLLEGE,<br><br>Defendant. | Case No. 5:23-cv-04005-JMG |

**DECLARATION OF NICHOLAS A. COLELLA IN SUPPORT
OF PLAINTIFF'S UNOPPOSED MOTION
TO PRELIMINARILY APPROVE CLASS ACTION SETTLEMENT**

I, Nicholas A. Colella, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney at the law firm of Lynch Carpenter, LLP ("Lynch Carpenter"), and one of the attorneys representing Plaintiff Julia Jin-Wolfson ("Plaintiff"), and the proposed Class in the above-captioned action against Defendant Lafayette College ("Lafayette" or "Defendant") (and with Plaintiff, the "Parties").

2. I provide this Declaration in support of Plaintiff's Unopposed Motion to Preliminarily Approve Class Action Settlement.

3. I have personal knowledge of all matters set forth herein and would testify competently to them if called upon to do so.

4. Plaintiff filed this action to recover a partial refund of retained tuition and fees owed to Plaintiff, who commenced this action on behalf of herself and a putative class of individuals who paid tuition to attend Lafayette for in-person, hands-on educational services and access for the Spring 2020 semester and had their course work moved to online only learning.

1

5. During the course of this litigation, the Parties engaged in extensive formal and informal and confirmatory discovery via the settlement process.

6. While the Parties did not complete formal discovery, the information Lafayette produced and the publicly available financial information that was reviewed by Class Counsel provided the information needed for Class Counsel to objectively evaluate the strengths and weaknesses for Plaintiff's and Settlement Class Members' claims.

7. The Parties have entered into a Settlement Agreement, attached hereto as Exhibit 1, following a mediation session with Hon. Thomas J. Rueter (Ret.) on August 21, 2024. While the Parties did not reach an agreement during the mediation, the Parties continued to engage in hard-fought negotiations. The Parties ultimately reached a settlement in principle after numerous rounds of demands and counteroffers, and executed a term sheet on February 3, 2025. The proposed Settlement Agreement will resolve all pending claims in the litigation for the approximately 2,175 Settlement Class Members.

8. The Parties did not negotiate the amount of Case Contribution Award to Plaintiff until after the key provisions of the Settlement Agreement, including the amount of relief to the Settlement Class, were agreed upon.

9. Other than the Settlement Agreement itself, there are no other additional agreements involving the parties related to this Settlement.

10. Following the agreement in principle, the Parties spent significant time drafting and revising drafts of the full Settlement Agreement, proposed notices, proposed order, and selecting the Settlement Administrator. At all times, these negotiations were at arm's length, courteous, professional, intense, and hard-fought on all sides.

11. Plaintiff provided substantial assistance that allowed Class Counsel to successfully prosecute and resolve this action and her interests are aligned with those of the Settlement Class. Plaintiff has performed valuable services for the Settlement Class, including bringing her claims to Class Counsel, agreeing to serve as the representative plaintiff, reviewing the complaint, providing information and documentation, where available, to Class Counsel in response to discovery requests, participating in a deposition, and approving the Settlement and consenting to the submission of the proposed Settlement for the Court's approval.

12. The Settlement Agreement will provide Settlement Class Members with significant monetary relief in the amount of a non-reversionary cash payment of $456,750.00 into a settlement fund. Under the Settlement Agreement, the settlement fund shall be used to pay court-approved attorneys' fees and reasonable litigation costs, fees, and expenses for the Settlement Administrator, and any court-approved Case Contribution Award to the Plaintiff, in recognition of the risks and benefits of her participation and substantial services she performed. After all applicable fees, expenses and awards are deducted, the Net Settlement Fund will be distributed equally to the Settlement Class Members. Additionally, all Settlement Class Members will receive five (5) complimentary tickets to regular season Lafayette basketball (men's or women's) or football games on Lafayette's campus to be used between July 1, 2026 and June 30, 2027, subject to the conditions set forth in the Settlement Agreement.

13. This case and the proposed Settlement are the product of significant investigation of Plaintiff's and Class Members' claims. Class Counsel conducted extensive and lengthy research into the issues presented in this matter, including engaging in discovery, reviewing information produced by Lafayette and publicly available financial documents pertaining to Lafayette, taking

and defending depositions, briefing class certification, consulting with experts, and analyzing the applicable legal precedents and previous settlements in similar cases.

14. Based on the information obtained through discovery, Class Counsel's independent investigation of the relevant facts and applicable law to assess the merits of the claims to be resolved in the Settlement Agreement and how best to serve the Settlement Class, and Class Counsel's broad experience with other complex and novel cases, Class Counsel determined that the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class, especially when taking account of the immediate benefits that the Settlement provides compared to the risks, uncertainties, delays, and costs of continued litigation.

15. For the purposes of effectuating individualized, direct Notice, Short Form Notice will be provided to each Settlement Class Member by email (where available) and direct mail (where email is not available) with pertinent information regarding the Settlement Agreement. To effectuate the Short Form Notice, Lafayette will provide the Settlement Administrator with a list that includes the names and last known personal email address and permanent postal address, to the extent available, belonging to all Settlement Class Members. Class Counsel is confident that the addresses of nearly all Settlement Class Members will be ascertained by the time Notice is issued.

16. The Settlement Administrator shall also establish a Settlement Website, which will include the Settlement Agreement, relevant pleadings, the Long Form Notice, any relevant Court orders regarding the Settlement, and a list of frequently asked questions mutually agreed upon by the Parties. The Long Form Class Notice describes plainly: (i) the terms and effect of the Settlement Agreement; (ii) the time and place of the Final Approval Hearing; (iii) how the recipients of the Class Notice may object to the Settlement; (iv) the nature and extent of the release

of claims; (v) the procedure and timing for objecting to the Settlement; and (vi) the form and methods by which Settlement Class Members may either participate in or exclude themselves from the Settlement.

17. I believe the proposed Notice Plan represents the best practicable Notice to Settlement Class Members and satisfies all due process considerations and meets the requirements of Federal Rule of Civil Procedure 23(e)(1)(b).

18. Class Counsel has significant experience in consumer class-action litigation, including university tuition refund actions such as this one. I, and Lynch Carpenter, have been appointed as interim lead counsel, and as Class Counsel, in a number of analogous cases across the country: *See, e.g., Ramey v. The Pennsylvania State University,* No. 2:20-cv-753 (W.D. Pa.); *Nouri v. University of Scranton,* No. 3:23-cv-1362 (M.D. Pa.); *Alunni v. Lebanon Valley College,* No. 1:23-cv-01424 (M.D. Pa.); *Cantave v. Saint Joseph's University,* No. 2:23-cv-03181 (E.D. Pa.); *Engel v. Gannon Univ.,* No. 1:23-cv-244 (W.D. Pa.); *Felix, et al. v. Roosevelt Univ.,* No. 20-cv-4793 (N.D. Ill. Nov. 12, 2020); *Ryan, et al. v. Temple Univ.,* No. 20-cv-02164 (E.D. Pa. Aug. 21, 2020); *Polley, et al v. Northwestern Univ.,* No. 1:20-cv-04798 (N.D. Ill. Nov. 2, 2020); *Kincheloe, et al v. Univ. of Chicago,* No. 1:20-cv-3015 (N.D. Ill. Feb. 1, 2021); *Vakilzadeh, et al. v. The Trustees of The California State University*, No. 20STCV23134 (Los Angeles Sup. Ct Nov. 4, 2021)[1]*; Levin, et al. v. The Board of Regents of the University of Colorado,* No. 2020CV31409 (Denver Dist. Ct. July 19, 2023) (granting final approval of class settlement); *Okolo v. Maryville University of St. Louis,* No. 20SL-CC02850 (21st Judicial Circuit Ct., St. Louis County, MO Feb. 9, 2021); *Waitt v. Kent State University,* No. 2020-00392JD (OH Ct. of Cl. Mar. 2, 2022); *Duke v. Ohio University*, No. 2021-00036JD (OH Ct. of Cl. Mar. 9, 2022); *Smith v. University of*

---

[1] Lynch Carpenter was appointed as part of Plaintiffs' Consensus Committee.

*Pennsylvania,* No. 2:20-cv-02086 (E.D. Pa. Jan. 18, 2023) (granting final approval of class settlement)*; and Figueroa, et al. v. Point Park University,* No. 2:20-cv-1484 (W.D. Pa. Dec. 5, 2023) (granting final approval of class settlement). I have also been appointed interim co-lead counsel in *In re Fortra File Transfer Software Data Security Breach Litigation*, No. 24-md-3090 (S.D. Fla.) (*Imagine360* track); *In re Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates*, No. 23-cv-824 (D. Nev.); *In re Imagine360, LLC Data Security Incident Litigation* (E.D. Pa.); *In re: BPS Direct, LLC and Cabela's LLC, Wiretapping*, MDL 3074 (E.D. Pa.); *Jackson v. Suffolk University* (D. Mass.); class counsel in *Lewandowski v. Family Dollar Stores, Inc.* (W.D. Pa.); and as a member of the plaintiffs' steering committee in *Baker v. ParkMobile, LLC* (N.D. Ga.).

19. As demonstrated herein and further throughout Lynch Carpenter's firm resume, attached hereto as Exhibit 2, I have direct experience serving as Interim Co-Lead and Class Counsel of complex cases, and Lynch Carpenter has served as lead counsel in hundreds of complex cases, and maintains an active class action practice, handling all aspects of class actions from investigation and discovery through trial and appeal.

20. I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 21, 2025          */s/ Nicholas A. Colella*
in Pittsburgh, Pennsylvania          Nicholas A. Colella

6