IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIA JIN-WOLFSON,<br><br>Plaintiff.<br><br>v.<br><br>LAFAYETTE COLLEGE,<br><br>Defendant. | Case No. 5:23-cv-04005-JMG |

### ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO PRELIMINARILY APPROVE CLASS ACTION SETTLEMENT, CERTIFY THE CLASS, APPOINT CLASS COUNSEL, APPROVE PROPOSED CLASS NOTICE, AND SCHEDULE A FINAL APPROVAL HEARING

**WHEREAS**, Plaintiff Julia Jin-Wolfson ("Plaintiff" or "Named Plaintiff"), individually and as representative of the class defined below, and Defendant Lafayette College ("Defendant" or "Lafayette") (and with Plaintiff, the "Parties") have entered into a Settlement Agreement that was stipulated to on March 21, 2025, which, if approved, would resolve this class action ("Action").

**WHEREAS**, Plaintiff has filed a motion for preliminary approval of the proposed settlement ("Settlement") set forth in the Settlement Agreement, which Lafayette does not oppose, and the Court has reviewed and considered the motion, the supporting brief, the supporting declarations, the Settlement Agreement, and all exhibits thereto, including the proposed class notices (hereinafter, the "Notices"), and finds there is sufficient basis for granting preliminary approval of the Settlement, directing that the Short Form Notice be disseminated to the class, and setting a hearing at which the Court will consider whether to grant final approval of the Settlement;

1

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Settlement and its exhibits,

**IT IS HEREBY ORDERED** that:

1. Unless otherwise defined herein, defined terms used in this Order have the same meaning as defined in the Settlement Agreement.

2. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, are preliminarily approved pending a Final Approval Hearing on the Settlement as provided herein.

3. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class Members set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class Members without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant that notice of the settlement and the Final Approval Hearing be disseminated to the Settlement Class Members; (c) meets all applicable requirements of law; and (d) is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

5. For purposes of the proposed Settlement only, the Court preliminarily finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and provisionally certifies the following Settlement Class:

> All Lafayette College students whose payment obligation of tuition and/or fees was satisfied for the Spring 2020 semester, and who were enrolled in at least one in-person on-campus class as of March 16, 2020.

Excluded from the Settlement Class are all Lafayette College students who received scholarships, grants, or credits that equaled or exceeded their total payment obligations to Lafayette for the Spring 2020 semester, or who were otherwise not obligated to make contributions, payments or third-party arrangements towards tuition or fees for the Spring 2020 semester.

6. For purposes of the proposed Settlement only, the Court preliminarily finds and determines, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, as follows: (a) that the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) that there are questions of law and fact common to the Settlement Class, and that those questions predominate over any individual questions; (c) that the claims of Named Plaintiff in the Action are typical of the claims of the Settlement Class; (d) that the Named Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) that a class action is superior to other available methods for fairly and efficiently adjudicating the Action.

7. For purposes of the proposed Settlement only, the Court preliminarily appoints Named Plaintiff Julia Jin-Wolfson as Settlement Class Representative.

8. For purposes of the proposed Settlement only, the Court preliminarily appoints Nicholas A. Colella of Lynch Carpenter, LLP and Michael A. Tompkins and Anthony M. Alesandro of Leeds Brown Law, P.C. as Class Counsel to act on behalf of the Settlement Class

and the Settlement Class Representatives with respect to the Settlement. The Court preliminarily authorizes Class Counsel to enter into the Settlement on behalf of the Settlement Class Representative and the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

9. The Court appoints RG/2 Claims Administration LLC to administer the Notice procedure and distribute the Net Settlement Fund, under the supervision of Class Counsel.

10. Having reviewed the proposed Short Form Notice of Proposed Class Action Settlement and Hearing ("Short Form Notice"), and the proposed Long Form Notice of Proposed Class Action Settlement and Hearing ("Long Form Notice"), submitted by the Parties as Exhibits A-1 and A-2 to the Settlement, the Court approves, as to form and content, such Notices.

11. Within thirty (30) days after the entry of this Order, Lafayette shall produce to the Settlement Administrator a list from the College's records that includes the names and last known personal email and permanent postal addresses, to the extent available, belonging to all Potential Settlement Class Members.[1]

12. Within forty-five (45) days after the entry of this Order, the Settlement Administrator shall send, via email to persons listed on the Class List, the Short Form Notice substantially in the form submitted to the Court; and if an email address is not listed for a Potential Settlement Class Member on the Class List, such Short Form Notice shall be sent by the Settlement Administrator to the Potential Settlement Class Member's last known permanent mailing address via U.S. mail.

---

[1] Consistent with the requirements of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. Part 99 (collectively, "FERPA"), Lafayette may disclose directory information to the Settlement Administrator. *See* 34 C.F.R. § 99.37. This Order shall constitute a judicial order permitting disclosure of information necessary to effectuate this settlement within the meaning of FERPA, *see* 34 C.F.R. § 99.31(a)(9)(i), and the Settlement and the Court's order shall constitute specific notice of Lafayette's intention to comply with this order, *see* 34 C.F.R. § 99.31(a)(9)(ii).

13. No later than forty-five (45) days after the entry of this Order, and before the issuance of the Short Form Notice, the Settlement Administrator shall establish the Settlement Website, which shall include, when available, in downloadable format, the following: : (i) the Long Form Notice; (ii) the memorandum in support of the motion for preliminary approval of the Settlement and the Preliminary Approval Order; (iii) the Settlement (including all of its exhibits); (iv) the Election Form; (v) the memoranda in support of the motion for final approval of the Settlement and the motion for attorneys' fees; and (vi) any other materials agreed upon by the Parties and/or required by the Court. The Election Form shall allow Settlement Class Members to provide an updated mailing address to receive a paper check, or to elect to receive their Settlement Benefit via Venmo or PayPal.

14. Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Class Counsel shall serve and file a sworn statement from the Settlement Administrator evidencing compliance with the provisions set forth above concerning the distribution of Notice to the Settlement Class.

15. The Court finds and determines that (a) emailing or mailing the Short Form Notice, (b) creating the Settlement Website, and (c) posting of the Long Form Notice on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the Notices to all persons entitled to receive such Notices, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

16. Any person falling within the definition of the Potential Settlement Class may, upon request, be excluded or "opt-out" from the Settlement Class. No Potential Settlement Class

Member may both opt-out of and object to the Settlement; a Potential Settlement Class Member must decide whether to opt-out of the Settlement or to object to the Settlement.

17. Any person who desires to request exclusion from the Settlement Class must submit a written request for exclusion in the form and manner required by the Long Form Notice. Such written request for exclusion must be mailed to the Settlement Administrator such that it is postmarked no later than forty-five (45) days after the issuance of the Short Form Notice (the "Objection/Exclusion Deadline"), which date shall be included in the Short Form Notice.

18. The written request for exclusion must:

    (a) include a statement requesting exclusion from the Settlement Class;

    (b) be personally signed by the Potential Settlement Class Member; and

    (c) include the Potential Settlement Class Member's name, address, telephone number, email address, and the caption for the Action.

19. A request to be excluded from the Settlement Class that does not include all of the foregoing information in Paragraph 18, that is sent to an address other than that designated in the Long Form Notice, or that is not postmarked within the time specified, shall be invalid, and any individual sending such request shall be deemed to remain in the Settlement Class and shall be bound as a Settlement Class Member by the Settlement, if approved by the Court. Any Potential Settlement Class Member who properly elects to be excluded, in compliance with the requirements set forth in Paragraphs 17-18, shall not: (a) be bound by any orders of the Court or the Final Judgment; (b) be entitled to relief under the Settlement; (c) gain any rights by virtue of the Settlement; or (d) be permitted to object to any aspect of the Settlement.

20. A request to be excluded from the Settlement Class must be personal. No person or entity other than a particular Potential Settlement Class Member may opt that Potential

Settlement Class Member out of the Settlement Class, including on a class or representative basis.

21.     Lafayette has the right to audit the exclusion process for evidence of fraud or error, and the Court will be the final arbiter of an exclusion's validity. As set forth in the Settlement Agreement, Lafayette has the unilateral right, in its sole discretion, to terminate the Settlement Agreement if the number of exclusions reaches five (5) percent of the Potential Settlement Class Members.

22.     Any motion for final approval of the Settlement and final certification of the Settlement Class for settlement purposes only, shall be filed by Class Counsel, in coordination with Lafayette's Counsel, no later than ten (10) days prior to the Final Approval Hearing.

23.     At least ten (10) days before the Final Approval Hearing, the Settlement Administrator shall file with the Court a listing of all Potential Settlement Class Members who have opted out of the Settlement Class and all Class Members' objections to the Settlement or to Class Counsel's request for attorneys' fees.

24.     No less than seventy-five (75) days following the issuance of the Short Form Notice (i.e., no less than 120 days from the date of this Order), this Court will hold a hearing in the United States District Court for the Eastern District of Pennsylvania, **Edward N. Cahn United States Courthouse, Courtroom 4B, 504 W. Hamilton Street, Allentown, PA 18101, at 9:30 a.m. on July 31, 2025** ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the proposed manner of distribution of the Net Settlement Fund should be approved as fair, reasonable, and adequate to the Settlement Class; (c) whether to approve the application of Class Counsel for an award of Attorneys' Fees and Litigation Expenses; (d) whether to approve the payment of a Case Contribution Award to the

Settlement Class Representative; (e) whether a Final Judgment should be entered; and (f) the disposition of any other matters properly brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class beyond updates to the Settlement Website. The Final Approval Hearing may be held in person, telephonically, or remotely via Zoom or other electronic platform without further notice. The Settlement Administrator shall post information about the Final Approval Hearing on the Settlement Website, and any interested persons should check the Settlement Website for any changes to the date of the Final Approval Hearing or the manner in which it will be held.

25. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, they will be deemed represented by Class Counsel.

26. Any Settlement Class Member may object to the Settlement, the manner of distribution of the Net Settlement Fund, the application for Case Contribution Award, the Fee Award, and/or the Litigation Expense Award, or may appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Judgment should not be entered thereon, why the Case Contribution Award should not be approved, or why the Fee Award or Litigation Expense Award should not be approved. Any such objection must be in the form and manner required by the Long Form Notice.

27. No Settlement Class Member or other person will be heard on such matters unless they have postmarked no later than the Objection/Exclusion Deadline a written objection that: (a) states that the person objecting is a Settlement Class Member; (b) includes the name, address,

email, and telephone number of the Settlement Class Member objecting; (c) is personally signed by the objecting Settlement Class Member; (d) contains a statement that includes all objections, states whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and states the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon); (e) includes a statement of whether the objector intends to appear at the Final Approval Hearing, with or without counsel; and (f) is otherwise in the form and manner required by the Long Form Notice. Such written objections, briefs, papers, and statements must be filed with the Court, and copies must be delivered by mail, hand, or overnight delivery services at the same time to the following counsel:

Nicholas A. Colella
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

-and-

Anthony M. Alesandro
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514

*Class Counsel*


Marcel S. Pratt
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

*Counsel for Lafayette College*

28. If a Settlement Class Member objects to the Settlement and the Settlement is nonetheless approved by the Court, then the objecting Settlement Class Member is a member of the Settlement Class and will receive their share of the Net Settlement Fund and Non-Cash Benefit.

29. If any Settlement Class Member does not make an objection in the form and manner set forth above and in the Long Form Notice, with copies to designated counsel for each of the Parties, they shall not be permitted to object to the Settlement, the Case Contribution Awards and/or the Fee Award at the Final Approval Hearing; shall be foreclosed from seeking any review of the Settlement, the Case Contribution Awards and/or the Fee Award by appeal or other means; and shall be deemed to have waived their objection(s) and be forever barred from making any such objection(s) in the Action or any other related action or proceeding.

30. This Order shall constitute a "judicial order" within the meaning of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and 34 C.F.R. § 99.31(a)(9), sufficient to compel Lafayette to provide the "Class List" regarding Settlement Class Members (*i.e.*, directory information, as FERPA defines that term) to the Settlement Administrator in accordance with this Order.

31. Upon the Effective Date as defined in Paragraph 1(g) of the Settlement Agreement, the Releasing Settlement Class Parties shall have fully, finally, and forever released all Released Claims against the Released Lafayette Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Lafayette Parties.

32. Upon the Effective Date as defined in Paragraph 1(g) of the Settlement Agreement, only persons who are Settlement Class Members shall have rights in the distribution of the Settlement Fund and Non-Cash Benefit created by the Settlement, except as provided in the Settlement.

33. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court.

34. The application for attorneys' fees and litigation expenses must be filed at least fourteen (14) days prior to the Objection/Exclusion Deadline.

### Further Matters

35. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement.

36. Members of the Settlement Class shall be bound by all determinations and judgments concerning the Settlement and Final Judgment as to the same, whether favorable or unfavorable.

37. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement. The Court may approve the Settlement with such modifications as may be agreed by the Parties, if appropriate, without further Notice to the Settlement Class.

38. Plaintiff's Unopposed Motion to Preliminarily Approve Class Action Settlement, Certify the Class, Appoint Class Counsel, Approve Proposed Class Notice, and Schedule a Final Approval Hearing (ECF No. 57) is **GRANTED**.

BY THE COURT:

Signed this 24th day of March, 2025.

/s/ John M. Gallagher
_____
JOHN M. GALLAGHER
United States District Court Judge